# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NATIONWIDE MUTUAL FIRE** } | |
| **INSURANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 2:06-CV-1277-RDP** |
| } | |
| **SAMUEL J. REYNOLDS, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

The court has before it Defendants Frank and Sara Hudson's Motion to Dismiss (Doc. #4) filed on July 12, 2006. Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") filed its response in opposition (Doc. #8) and an amendment to its complaint (Doc. #9) on July 20, 2006. Defendants filed their reply (Doc. #10) on July 24, 2006. The court has carefully reviewed all of the written materials filed by the parties.

This case, filed pursuant to the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201, arises out of a coverage dispute under a homeowner's insurance policy (the "Policy") issued by Nationwide to Samuel J. and Wendy C. Reynolds (the "Reynolds"). The underlying action against the Reynolds which forms the basis for the coverage question is *Hudson, et al. v. Reynolds, et al.*, CV 05-571, pending in the Circuit Court of Shelby County. The state court action was filed in June 2005 by Frank and Sara Hudson (the movants in this case) against the Reynolds, The Harris Group, LLC, North Shelby Partners, and Tanglewood Corporation and made allegations related to flood damage that the Hudsons suffered after purchasing a home from the Reynolds. Nationwide has

named all these parties as defendants in this case and has asked this court to determine whether it has a duty to indemnify the Reynolds under the Policy.[1]

## II. ANALYSIS

### A. Subject Matter Jurisdiction

This court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies." U.S. Const. art. III, § 2. This requirement applies equally to cases asserted under the Declaratory Judgment Act. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (finding that Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision, [and thus] is operative only in respect to controversies which are such in the constitutional sense").

---

[1] Nationwide has provided a defense to the Reynolds in the underlying state court case pursuant to a reservation of rights clause in the Policy. (Doc. #1 ¶ 8). Accordingly, the only issue squarely before this court is whether Plaintiff has a duty to indemnify the Reynolds and the posture and scope of this case is dramatically different than that of *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989) ("To deny Cincinnati a declaration of its rights and obligations vis-a-vis Holbrook in relation to McWilliams would be to expose Cincinnati to a very substantial and perhaps a binding obligation for providing a defense to McWilliams without Cincinnati's knowing whether it owes any such obligation. In some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question, while a refusal to defend may create a 'bad faith' tort claim."). In addition, in deciding *Holbrook*, the Eleventh Circuit applied a *de novo* standard of review as opposed to an abuse of discretion standard. 876 F.2d at 1333 ("The scope of appellate review of the exercise of such discretion is not under an "arbitrary and capricious" standard but allows the appellate court to substitute its judgment."). However, in a pre-*Holbrook* case, the Supreme Court in *Wilton v. Seven Falls*, 515 U.S. 277 (1995), resolved the conflict among the circuits in favor of the abuse of discretion standard. *Id.* at 288-89 ("We believe it more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp."). Similarly, in a much more recent Eleventh Circuit case, the court cited *Wilton* and embraced the abuse of discretion standard. *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) ("We review the district court's dismissal of the declaratory judgment action for abuse of discretion."). For these reasons, the court concludes that *Holbrook* is limited in its application here.

Against this backdrop, this court must determine whether it is appropriate for it to assert jurisdiction under the Act over Plaintiff's indemnification claims (which could have been asserted in the underlying litigation). The court agrees with the Middle District of Alabama's holding that "a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Guaranty Nat'l., Inc. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514 (M.D. Ala. 1996) (citing *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977)).[2] Also, the court notes that the Reynolds could prevail in the state court proceeding, which would render moot the issue of the duty to indemnify.

Accordingly, this court determines that the issue of indemnification—the only issue presented in this case—is not sufficiently ripe to present a "case" or "controversy" here and, therefore, Nationwide's claims pertaining to indemnification are not ripe for adjudication.[3] *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

### B.     Discretion to Exercise Jurisdiction Under the Declaratory Judgment Act

Even if this court had jurisdiction in this case—that is, even if there was presently a ripe controversy between the parties in this case—it would decline to exercise jurisdiction over Plaintiff's

---

[2]While the state court action was filed on June 3, 2005, this does not necessarily foreclose the Plaintiffs in that action from seeking to alter their claims in the state court case. And, if any such amendment were allowed by the state court, that could obviously affect the coverage analysis regarding indemnification under the Policy. In fact, as recently as July 17, 2006, the Hudsons filed an Amended Complaint in the state court. (*See* Doc. #10 at Ex. A).

[3]The court notes that its decision leaves unresolved the issue of whether Nationwide has met the amount in controversy requirement in this case. 28 U.S.C. § 1332. However, because this court has decided that this case is not yet ripe for adjudication, no decision is made regarding that issue.

Declaratory Judgment Act claims. The Act is an authorization, not a command. *Wilton*, 515 U.S. at 288. It gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). The Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration," 28 U.S.C. § 2201 (emphasis added), and therefore, it is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952). Accordingly, courts have great discretion in the exercise of jurisdiction under the Act and a court may deny a request to issue declaratory relief when there exists a pending state court proceeding in which the matters in controversy between the parties may be fully litigated. *Mutual Life Ins. Co. v. Adams*, 972 F. Supp. 1386, 1389 (N.D. Ala. 1997).

A declaratory judgment is usually not available to resolve state law issues that are already pending before a state court. *Brillhart*, 316 U.S. at 495; *Magnolia Mar. Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992). Similarly, when a case is already pending in state court, a district court has substantial discretion in its decision over the exercise of jurisdiction. *Wilton*, 515 U.S. at 283 ("At least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in a state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed.") (quoting *Brillhart*, 316 U.S. at 494).

In *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit provided a list of factors to aid district courts in balancing state and federal interests when confronted with a case like this. *Id*. at 1330-31. Stating that it was "[g]uided by . . . [several] principles expressed by the Supreme Court, as well as . . . 'considerations of federalism, efficiency,

4

and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts,'" the court provided the following factors for consideration:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id*. at 1331.[4]  As the court made clear, its "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id*.

Guided by the Supreme Court's decisions in *Brillhart* and *Wilton*, and the factors commended to this court by the Eleventh Circuit in *Ameritas*, this court concludes that the circumstances presented in this case favor, in the alternative, discretionary dismissal. *Harris*, 939 F. Supp. at 1533.

---

[4]The *Ameritas* court explained that it developed its list of factors from decisions by the Fourth and Sixth Circuits. 411 F.3d at 1331 n.4 (citations omitted).

All the necessary parties are either litigants (or, in the case of Nationwide, providing a defense to litigants) in the state court action. All the claims in Nationwide's Complaint are state-law based, and all of them could be properly decided in the state court action. If this court were to grant or deny declaratory relief here, that would not fully settle the controversy between the parties. In addition, given that the state court action has been pending for over one year, the Shelby County Circuit Court has a much greater familiarity with the overall nature of the underlying litigation[5]—and arguably a much greater interest in the case—than this court. This fact also makes the Shelby County court the better venue for managing and deciding any issues regarding coverage under the Policy. Finally, if the court were to permit this case to go forward, and the Reynolds achieve a favorable result in the underlying lawsuit, there would be a waste of the judicial resources expended by this court and parties in this case because the indemnity issue would be rendered moot. By the same token, if this court were to comment on these issues with such a questionable basis for jurisdiction, that would encroach upon the state court's jurisdiction and could create friction between the state and federal courts. Therefore, even if this court concluded it had jurisdiction here, in the overall interests of judicial economy, it would decline to exercise its discretion under the Act to resolve this matter because of the prior underlying and substantially more advanced lawsuit pending in Shelby County, in which the relief sought by Nationwide may also be efficiently and fully litigated.

---

[5]Based upon that greater familiarity, the Shelby County Circuit Court undoubtedly will also have a superior understanding of the factual issues that are crucial to an informed resolution of the issues here. That court also, based upon that greater familiarity, is in a better position to evaluate those factual issues.

**III.**     **CONCLUSION**

For the reasons stated above, the court will dismiss this case without prejudice for lack of subject matter jurisdiction, and alternatively, for declining to exercise discretionary jurisdiction under the Act.

**DONE** and **ORDERED** this ___25th___ day of August, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE